Respondents’ determination was not affected by an error of law (see CPLR 7803 [3]; Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506, 507 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). Respondents correctly determined that disclosure of the requested documents would have interfered with petitioner’s then-pending criminal appeal and any subsequent proceedings in the underlying criminal case (see Public Officers Law § 87 [2] [e] [i]; Matter of Moreno v New York County Dist. Attorney’s Off., 38 AD3d 358, 358 [1st Dept 2007], lv denied 9 NY3d 801 [2007]). Respondents genetically identified the kinds of documents sought and the risks of disclosing the documents (see Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012]; Matter of Legal Aid Socy. v New York City Police Dept., 274 AD2d 207, 214 [1st Dept 2000], lv dismissed in part, denied in part 95 NY2d 956 [2000]). We reject petitioner’s contention that respondents were required to set forth particularized findings about whether the FOIL exemption at issue applied to each responsive document (see Lesher, 19 NY3d at 67; Legal Aid Socy., 274 AD2d at 213-214).
We have considered petitioner’s remaining contentions and find them unavailing. Concur — Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.